UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANNETTE TRAN                    ]
        Plaintiff,              ]
                                ]
v.                              ]    No. 3:10-0940
                                ]    JUDGE HAYNES
DR. OBI, et al.                 ]
        Defendants.             ]

## M E M O R A N D U M

Plaintiff, Annette Tran, an inmate at the Tennessee Prison for Women, filed this *pro se* action for damages under 42 U.S.C. § 1983 against the Defendant Dr. Obi, a physician at the facility, and the medical staff at the prison. Plaintiff's claims are that the Defendants were negligent in their diagnosis and treatment of her condition.

According to her complaint, Plaintiff developed a brain aneurysm in September, 2009 and sought treatment for this condition from the defendants. Here, Plaintiff underwent surgery twice to repair the damage to her brain. Plaintiff was treated by specialists at both Vanderbilt and Meharry hospitals. According to Plaintiff, nurses "got fungus off my feet." Plaintiff declined more recommended surgery. Dr. Obi prescribed antibiotics and pain medication for Plaintiff.

To state a claim for relief under § 1983, the Plaintiff must

plead and prove that the defendants, while acting under color of state law, deprived her of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care that is violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Based upon facts, the Court concludes the defendants have not been deliberately indifferent to Plaintiff's medical needs. The Defendants have rendered medical care for the Plaintiff's medical maladies. Plaintiff's claims, therefore, challenge the adequacy of the care that the Defendants provided.

When a prisoner has received some medical attention and her claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v. Jones, 211 F.3d 1269, *2 (6th Cir. 2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, 429 U.S. 105-106. Therefore, the Plaintiff has failed to describe conduct resulting in a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001).

Absent a violation of federal law, the Plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, she has failed to state a claim upon which relief can be granted. As a

consequence, the Court is obliged to dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

WILLIAM J. HAYNES, JR.
United States District Judge